UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

FREDDIE L. FRANKLIN,

                Defendant.

NO. CR-06-0104-EFS

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND GRANTING
IN PART AND DENYING IN PART
MOTION TO SUPPRESS EVIDENCE
AND CONDUCT EVIDENTIARY
HEARING**

    A hearing was held in the above-captioned matter on August 23, 2007. Defendant Freddie L. Franklin was present, represented by Robert Fischer. Assistant United States Attorney Jared Kimball appeared on behalf of the Government. Before the Court were Defendant Franklin's Motion to Dismiss (Ct. Rec. 25) and Motion to Suppress Evidence and Conduct Evidentiary Hearing (Ct. Rec. 22). The Government opposed the motions. (Ct. Recs. 32 & 33.) After reviewing the submitted material and relevant authority, conducting an evidentiary hearing, and hearing argument from counsel, the Court was fully informed. This Order serves to supplement and memorialize the Court's decision to hold an evidentiary hearing and oral denial of the dismissal and suppression motions on their merits.

///
///

ORDER ~ 1

**A.    Defendant's Motion to Dismiss**

1.    <u>Background</u>[1]

Defendant asks the Court to dismiss the instant federal firearms charges as they are filed in breach of Mr. Franklin's initial plea agreement in a state court action. In state court, Mr. Franklin was charged with Second Degree Unlawful Possession of a Firearm (UPF) and Possession of a Stolen Firearm on March 6, 2006. Matt Duggan, who is also deputized as a Special Assistant United States Attorney, was the county prosecutor.  On May 11, 2006, Mr. Franklin, while represented by Kari Reardon, pled guilty to UPF and received an "exceptional sentence" of six months.  Neither the Statement of Defendant on Plea of Guilty to Non-Sex Offense (hereinafter, "Plea Agreement") (Ct. Rec. 26-4 pp. 36-43), Findings of Fact and Conclusions of Law Regarding Exceptional Sentence ("Findings of Fact and Conclusions of Law") (*id.* pp. 15-17), nor the Felony Judgment and Sentence (hereinafter, "Judgment") (*id.* pp. 18-21) contain any specific language regarding declination of federal prosecution.

On October 3, 2006, the instant federal firearms charges were brought against Defendant.  (Ct. Rec. 1.)

2.    <u>Authority & Analysis</u>

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the

---

[1]  This Background is based on the submitted exhibits (Ct. Recs. 26 & 32-2) and the August 23, 2007, testimony of Defendant Franklin, Kari Reardan, and Matt Duggan.

inducement or consideration, such promise must be fulfilled." *United States v. Read*, 778 F.2d 1437, 1440 (9th Cir. 1986) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). Plea agreements are treated as contracts and are interpreted by contract law standards. *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000). It is the district court's role to determine "what the parties to this plea bargain reasonably understood to be the terms of the agreement." *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir. 1979); *see also United States v. Clough*, 360 F.3d 967 (9th Cir. 2004). "If the terms of the plea agreement on their face have a clear and unambiguous meaning, then this court will not look to extrinsic evidence to determine their meaning." *Clark*, 218 F.3d at 1095.

The Court finds the terms of the Plea Agreement are clear and unambiguous and do not contain a promise that federal charges would not be brought - nor even reference federal prosecution. In the Plea Agreement, Mr. Franklin agreed "[n]o person has made promises of any kind to cause me to enter this plea except as set forth in this statement" (Ct. Rec. 26-4 p. 42), as well as "[t]hat defendant's lawyer had previously read to him or her the entire statement above and that the defendant understood it in full" (*id.* p. 43). Because the Plea Agreement is clear and unambiguous, the Court need not look at extrinsic evidence.

Nevertheless, even the other court documents, do not reference declination of federal prosecution. Ms. Reardon did correct a typographical error in the Findings of Fact and Conclusions of Law by handwriting in the word "accountable" (Ct. Rec. 26-4 p. 16); yet, again this paragraph did not reference declination of federal prosecution:

ORDER ~ 3

> The sentence holds Mr. Franklin accountable [handwritten] for his actions.  Based on possible defense motions, the reduced sentence [sic] in the interest of justice.  The sentence takes into account the criminal and the fact that six months adequately punishes Mr. Franklin.

Further, although Mr. Franklin and state counsel Kari Reardon testified that Mr. Franklin plead guilty because of an assurance from Mr. Duggan that federal charges would not be brought against Mr. Franklin if he plead guilty in state court, there was nothing within the exchange of emails between Ms. Reardon and Mr. Duggan prior to the plea regarding declination of federal prosecution; and Ms. Reardon's use of the word "done" was not connected in any specified way to declination of federal prosecution.  Accordingly, there was nothing in writing that altered the unambiguous language of the Plea Agreement, which stated that it contained all of the terms of the agreement between the parties.

Because the federal government and the State of Washington are separate and independent sovereigns, it is not a constitutional violation to punish Mr. Franklin in both sovereigns for the same conduct.  *See United States v. Lanza*, 260 U.S. 377, 382 (1922).  For these reasons, Defendant's Motion to Dismiss is denied.

**B.    Defendant Franklin's Motion to Suppress Evidence and Conduct Evidentiary Hearing**

Defendant Franklin asks the Court, after conducting an evidentiary hearing, to suppress any and all evidence seized, and the fruits of such, as a result of the warrantless search and seizure by Community Corrections Officer ("CCO") John Hernandez because he did not have reasonable cause to believe that Defendant's residence had changed or probable cause to believe that Defendant was residing at the searched

motel room.   The Court conducted an evidentiary hearing; accordingly, this aspect of Defendant's motion is granted.

    1.   <u>Background</u>[2]

    On November 14, 2005, Mr. Franklin was arrested on a state warrant for failure to notify his supervising CCO, John Hernandez, about the location of his residence.  Mr. Franklin admitted guilt and received a sixty-day imprisonment sanction.  On December 22, 2005, Mr. Franklin was released.  Mr. Franklin reported to CCO Hernandez on January 4, 2006, in person and advised that he was homeless.   CCO Hernandez advised Mr. Franklin that in order to comply with the address reporting condition that he needed to inform CCO Hernandez each day as to where he would be residing that evening.  Mr. Franklin was given housing information and was told to report back in person on January 17, 2007.  CCO Hernandez did not hear from Mr. Franklin, and Mr. Franklin failed to report in person on January 17, 2007.

    On January 18, 2006, CCO Hernandez received a telephone call from Jenna Ross, a woman CCO Hernandez knew was Mr. Franklin's girlfriend. Ms. Ross stated that Mr. Franklin was living in room #254 at the Motel 6 on Sunset Highway in Spokane, Washington.   She also informed CCO Hernandez that Mr. Franklin was in possession of a black 9mm handgun that had approximately ten rounds in it.   CCO Hernandez asked the Spokane Police Department to follow up on this lead; Spokane Police Department

---

    [2]  This Background is based on the submitted exhibits and declarations (Ct. Recs. 23-2, 33-2, & 38-2) and the testimony of CCO John Hernandez, Officer M.D. Robarge, and Detective Ronald Miya.

ORDER ~ 5

1   Officer M.D. Robarge went to the hotel and showed a booking picture of
2   Mr. Franklin to the front desk attendant.   The attendant identified
3   Mr. Franklin as the person registered to and staying in room #254.
4   CCO Hernandez knocked on the door of room #254 and announced "DOC."
5   CCO Hernandez recognized the voice of the individual who stated that he
6   was coming to the door as that of Mr. Franklin. Mr. Franklin and the
7   other male occupant were restrained.  A Glock Model 26 firearm was found
8   under the bed that Mr. Franklin was sleeping in.   Mr. Franklin was
9   advised he was being arrested for DOC violations and was read his
10  constitutional rights.

11      2.   <u>Authority and Analysis</u>

12      Under the Fourth Amendment to the United States Constitution, every
13  search and seizure by a government agency must be reasonable.  A search
14  or seizure without a warrant is presumptively invalid.  *Katz v. United*
15  *States*, 389 U.S. 347, 357 (1967); *Coolidge v. New Hampshire*, 403 U.S. 443
16  (1971).  It is a "cardinal principle that 'searches conducted outside the
17  judicial process, without prior approval by judge or magistrate, are per
18  se unreasonable under the Fourth Amendment - subject only to a few
19  specifically established and well-delineated exceptions.'" *Acevedo v.*
20  *California*, 500 U.S. 565, 580 (1991) (quoting *Mincey v. Arizona*, 437 U.S.
21  385, 390 (1978)).

22      Because there was no warrant in this case, the Government bears the
23  burden of proving that the search of the hotel room and seizure of the
24  firearm fall under a valid exception to the warrant requirement.  *See*
25  *United States v. Stafford*, 416 F.3d 1068, 1074 (9th Cir. 2005).
26  Mr. Franklin is a Washington state parolee; accordingly, a search of his

body and his residence is permitted if the officer has reasonable cause to believe that the parolee violated the terms of his parole. RCW 9.94A.631; *see Samson v. California*, 126 S. Ct. 2193 (2006); *United States v. Knights*, 534 U.S. 112 (2001). Reasonable cause or suspicion is determined by considering the "totality of circumstances" to see whether the officer "has a particularized and objective basis for suspecting wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

The Court finds CCO Hernandez had reasonable cause to suspect that Mr. Franklin violated a condition of release. Mr. Franklin does not contest that he was required, as a condition of his release, to provide CCO Hernandez with an address of residence and to update this residence.[3] Mr. Franklin never provided an address to CCO Hernandez and in addition failed to report in person on January 17, 2006. For these reasons, it was reasonable for CCO Hernandez to believe Mr. Franklin was in violation of his parole (1) due to his non-reporting on January 17, 2006, and (2) for failure to comply with the address reporting condition.

In order to justify a warrantless search of a parolee's residence, the "law enforcement officers must have probable cause to believe that the parolee is a resident of the *house to be searched*." *Motley v. Parks*, 432 F.3d 1072 (9th Cir. 2005) (emphasis added). The Court finds CCO

---

[3] The Court concludes a homeless individual is not absolved from the responsibility to report. CCO Hernandez's direction that Mr. Franklin call each day and advise CCO Hernandez where he would be staying was a reasonable requirement under the address reporting condition.

ORDER ~ 7

Hernandez had probable cause to believe that Mr. Franklin was residing in room #254.   CCO Hernandez received information from Mr. Franklin's girlfriend that Mr. Franklin was "living at Motel 6 Sunset Highway 1508 S. Rustle Rd. #254 Spokane." (Ct. Rec. 23-2.)   This information was timely corroborated when Officer Robarge went to the motel that same day and the front desk attendant positively identified Mr. Franklin as the individual registered to and staying in room #254.   With this information, CCO Hernandez was clearly justified in knocking on the door of room #254.   Upon knocking on the door, he recognized the voice of the occupant as that of Mr. Franklin.   Under these circumstances, probable cause existed to believe Mr. Franklin, who had previously reported as homeless, was residing in this room.[4]   *See generally United States v. Winsor*, 846 F.2d 1569 (1988) (involving a defendant who was residing in a hotel room).   Given the totality of the circumstances, the officers had a reasonable basis to detain the hotel room occupants immediately and to search for the gun. *See United States v. Howard*, 447 F.3d 1257 (9th Cir. 2006).   Because the Court finds the search and arrest of Mr. Franklin

///

///

_____

[4]   Because Mr. Franklin had never reported a prior residential address, CCO Hernandez not conduct surveillance on a reported residence to determine whether Mr. Franklin had changed residences. *C.f. United States v.* Conway, 122 F.3d 841 (9th Cir. 1997); *Dally v. Holiday*, 606 F.2d 861 (9th Cir. 1979).

ORDER ~ 8

were lawful, the Court concludes Mr. Franklin's post-arrest statements were not fruit of an unlawful search.[5]

Accordingly, **IT IS HEREBY ORDERED:**

1.   Defendant Motion to Dismiss **(Ct. Rec. 25)** is **DENIED.**

2.   Defendant's Motion to Suppress Evidence and Conduct Evidentiary Hearing **(Ct. Rec. 22)** is **GRANTED IN PART** (evidentiary hearing held) **and DENIED** (evidence is not suppressed).

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to all counsel.

**DATED** this _25th_ day of September 2007.


_____S/ Edward F. Shea_____
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2006\0104.supp.dism.wpd

---

[5]   Defendant clarified at the hearing that he was not challenging the voluntariness of his statements.

ORDER ~ 9